R. Palmer BEASLEY, Appellant,

v.

Dorothy CLARK, Appellee.

No. 01-97-01127-CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 5, 1998.

John P. Giberson, Austin, for appellants.

Jon A. Haslett, Houston, for appellees.

Before Justices MIRABAL, HEDGES and EVANS.[1]

## OPINION

FRANK G. EVANS, Justice (Retired).

This is an appeal from the trial court's order denying appellant R. Palmer Beasley's motion for summary judgment. TEX.CIV. PRAC. & REM.CODE ANN. § 51.014(5) (Vernon Supp.1998). We reverse the trial court's order and render judgment.

## PROCEDURAL BACKGROUND

In 1994, Dorothy Clark sued the defendants, University of Texas Health Science Center at Houston, Texas ("UTHSC"); its president, M. David Low; and its dean, R. Palmer Beasley (collectively, the "Defendants"). She alleged, *inter alia,* that she was wrongfully terminated for filing a worker's compensation claim, that Beasley had been negligently hired and/or retained, and that all three Defendants intentionally caused her emotional distress.

The Defendants filed a motion for summary judgment based on the doctrine of sovereign immunity, which the trial court granted. Clark appealed from that judgment only insofar as she asserted claims for wrongful discharge and intentional infliction of emotional distress. The Eastland Court of Appeals heard the appeal pursuant to a docket equalization order and affirmed the judgment in part and remanded in part. In its opinion, the Eastland court stated:

> The trial court's summary judgment is affirmed insofar as it orders that Dorothy Clark take nothing on her claims against

the University of Texas Health Science Center at Houston, Texas and its president, M. David Low, M.D.

> The trial court's summary judgment is reversed insofar as it orders that Dorothy Clark take nothing on her claim against R. Palmer Beasley, M.D., in his individual capacity, for the intentional infliction of emotional distress. That cause is remanded to the trial court.

*Clark v. University of Tex. Health Science Ctr.,* 919 S.W.2d 185, 189 (Tex.App.—Eastland 1996, writ denied).

■ On remand, Beasley again filed a motion for summary judgment alleging that Clark's claim against him was precluded by TEX.CIV.PRAC. & REM.CODE ANN. § 101.106 (Vernon 1997), which reads as follows: "A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim." The trial court denied Beasley's motion, and he brings this interlocutory appeal from that order. We reverse the trial court's order and render judgment that Clark take nothing by her claim against Beasley in either his individual or official capacity.

In construing section 101.106, the Texas Supreme Court has held that the "language 'bars any action' is an unequivocal grant of immunity" that precludes suit against an individual employee when a Texas Tort Claim suit against a governmental entity involving the same subject matter has proceeded to judgment. *Newman v. Obersteller,* 960 S.W.2d 621, 622–23 (Tex.1997) (suit against athletic director for intentional infliction of emotional distress). We conclude that this holding in *Newman* controls our decision in this case.

■ In Clark's petition, she alleged, under Section II entitled "Facts," that throughout the course of her employment with UTHSC, Beasley had subjected her to severe emotional harassment, which included irrational out-

---

1. The Honorable Frank G. Evans, retired Chief Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

bursts, false accusations, and erratic mood swings directed against her. Under Section III entitled "Claims," Clark alleged that "the Defendants" had wrongfully terminated and retaliated against her for filing a workers' compensation claim, that they had denied her equal protection and due process under the laws and constitution of this state, and that two of the Defendants, UTHSC and Low, had been negligent in hiring and supervising Beasley, because they knew or should have known that Beasley had a history of alcohol abuse at work and that his behavior was abusive toward Clark. In making this claim, Clark asserted that the "Defendants" had "waived immunity to suit pursuant to the Texas Tort Claims Act, TEX.CIV.PRAC. & REM. CODE ANN. § 101.021(2) (Vernon 1986) in that Defendants caused personal injury to Dorothy Clark by the misuse of tangible personal property." Clark further alleged that she had fully complied with the notice requirements of the Texas Tort Claims Act, that Low and Beasley were sued in both their individual and official capacities, that all the Defendants had "waived their qualified immunity in that § 101.025 of the Act explicitly states that Defendants, the University and Dr. Low, knew or should have known that Defendant Beasley misused Defendants' computer system, and through the reduction in force ranking procedure, the official performance review procedure, and critical memoranda" had caused Clark mental anguish, including emotional pain, anxiety, mental distress, shame, and suffering. She alleged that Beasley had actual knowledge of his own actions, that UTHSC and Low were aware of Beasley's alcohol abuse, and that she had complained repeatedly to the administration about Beasley's harassment of her. In the concluding paragraph of Section III of her petition, Clark alleged, after incorporating the facts set forth in preceding sections, that as described in Section II, the "Defendants intentionally and/or recklessly caused Plaintiff severe emotional distress as a result of the aforementioned outrageous acts."

In her brief on this appeal, Clark admits "there is some overlap" in the claims asserted against Beasley and UTHSC. She argues, however, that her claims against UTHSC are for wrongful discharge, violation of constitutional rights, negligent hiring and supervision, and intentionally causing her emotional distress. She contends that section 101.106 does not bar her action against Beasley because the trial court's judgment in favor of UTHSC did not specifically dispose of her claim against UTHSC for emotional distress. We disagree.

The opinion of the Eastland Court of Appeals shows: (a) that Clark's claim of emotional distress was among several being asserted by her against UTHSC and Beasley; (b) that her claim of emotional distress against UTHSC involved the same subject matter as her claim against Beasley; and (c) both claims were presented to and disposed of by the trial court's order in those proceedings. On appeal, the trial court's ruling was affirmed as to the claim asserted against UTHSC, but reversed and remanded as to the claim asserted against Beasley individually.

We conclude that Clark's suit against UTHSC for emotional distress was brought under the Texas Tort Claims Act and that the judgment against Clark and in favor of UTHSC on such claim precludes this action by Clark against Beasley in his individual capacity. TEX.PRAC. & REM.CODE ANN. § 101.106; *Newman,* 960 S.W.2d at 622; *Brand v. Savage,* 920 S.W.2d 672, 675 (Tex. App.—Houston [1st Dist.] 1995, no writ) (plaintiff invoking Texas Tort Claims Act against employer loses common-law remedy against employee).

We accordingly reverse the trial court's order denying Beasley's motion for summary judgment and render a take-nothing judgment against Clark based on Beasley's claim of immunity under TEX.PRAC. & REM.CODE ANN. § 101.106.