**WAXAHACHIE INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Tim JOHNSON and Ed White, Appellees.**

No. 10–04–00367–CV.

Court of Appeals of Texas, Waco.

Nov. 23, 2005.

Dissenting Opinion of Sept. 7, 2005.

Dennis Eichelbaum, Schwartz & Eichelbaum PC, Frisco, for appellant.

Daniel A. Ortiz, V. Shane Goetz, Rossetti & Goetz, Arlington, for appellees.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

Waxahachie Independent School District (WISD) files this appeal arguing that the trial court erred in denying its plea to the jurisdiction under newly-enacted section 101.106(b) because the plaintiffs, Tim Johnson and Ed White, filed the underlying lawsuit against both WISD and its employees regarding the same subject matter. Because we find that the cause of action against WISD does not involve the same subject matter as the cause of action against WISD's employees, we affirm.

### Factual and Procedural History

Tim Johnson and Ed White were employed by WISD as maintenance coordinators. In August 2003, Johnson and White (Appellees) filed a written grievance against certain members of the Board of Trustees, complaining of harassment, stalking, and micromanagement. Superintendent Bobby E. Parker told Appellees that the filing of the grievance "pretty much sealed [their] fate." The next day they were placed on administrative leave, and five days later their employment was terminated. Appellees appealed the termination of their employment through WISD's administrative procedures. Their administrative appeal was denied by the WISD Board of Trustees on November 11, 2003.

In October 2003, WISD employees Jerry McLemore and Charles Tims, acting at Parker's direction, reported to the local police that Appellees had accessed the WISD computer network and obtained the social security numbers of all WISD employees. Shortly after the Board of Trustees denied the Appellees' administrative appeal, Johnson was arrested by the Waxahachie Police for tampering with government records, a third-degree felony. White was arrested and charged with the same offense on December 4. However, both Appellees were no-billed by separate grand juries in April 2004.

In September 2004, Appellees filed suit against WISD for wrongful termination of their employment and against Parker, McLemore, and Tims (Defendant Employees) for malicious prosecution. WISD and the Defendant Employees filed separate pleas to the jurisdiction. The Defendant Employees filed a motion to dismiss and argued that the Appellees had not exhausted their administrative remedies against the Defendant Employees on the malicious prosecution claim. WISD filed a plea to the jurisdiction and argued that because the Appellees had filed suit against both the school district and the Defendant Employees, Appellees are barred from filing suit against WISD under the election of remedies statute of the Texas Tort Claims Act (TTCA). The trial court granted the Defendant Employees' motion and denied WISD's plea and motion to reconsider. The trial court severed the Defendant Employees from WISD and both parties appealed in separate actions to this Court.

In this appeal, WISD argues that the trial court erred in denying its plea to the jurisdiction.

### Sovereign Immunity

 Governmental entities are immune from tort liability under the doctrine of sovereign immunity unless the legislature has waived immunity. *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex.1998). Sovereign immunity has two components: immunity from liability and immunity from suit. *Wichita Falls St. Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex.2003). Immunity from suit is waived to the extent of liability created by the TTCA. TEX. CIV. PRAC. & REM.CODE ANN § 101.025(a) (Vernon 2005);

*Tex. Dept. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex.2004). Immunity from suit protects the state from being sued without its consent. *Texas DOT v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Absent the State's consent to suit, a trial court lacks subject matter jurisdiction. *See id.* Whether a trial court has subject matter jurisdiction is a question of law reviewed *de novo*. *Tex. Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002).

■ In a suit against a governmental entity, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity and pleading facts showing that the trial court has jurisdiction. *Miranda*, 133 S.W.3d at 226. When deciding whether to grant a plea to the jurisdiction, the trial court looks to the allegations in the petition together with any relevant jurisdictional evidence. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex.2000).

The substance of WISD's plea to the jurisdiction involves newly-amended section 101.106 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM.CODE ANN. § 101.106 (Vernon 2005). Previously section 101.106, entitled "Employees Not Liable After Settlement or Judgment" stated: "A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim." Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3305, (amended 2003) (current version at TEX. CIV. PRAC. & REM. CODE § 101.106). In 2003, the Legislature amended section 101.106 to its current form. Entitled "Election of Remedies," section 101.106 is as follows:

(a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

(b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

(c) The settlement of a claim arising under this chapter shall immediately and forever bar the claimant from any suit against or recovery from any employee of the same governmental unit regarding the same subject matter.

(d) A judgment against an employee of a governmental unit shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit.

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or

before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM.CODE § 101.106.

█ The Legislature amended section 101.106 apparently to force a plaintiff to choose whether he would seek to impose tort liability on a governmental unit or on governmental employees acting as individuals outside their official capacity. *See Villasan v. O'Rourke*, 166 S.W.3d 752, 758, 759–60 (Tex.App.-Beaumont 2005, pet. filed). The choice of one immediately and irrevocably bars the plaintiff's claims against the other. TEX. CIV. PRAC. & REM. CODE § 101.106(a)-(d). A plaintiff unwise in his choices potentially faces an irrevocable bar against both the governmental entity and its' employees. *Id.* The effect of the statute is that a plaintiff is no longer able to include every potential tortfeasor in a suit, argue alternative theories of recovery based on the same conduct, and allow a fact finder to decide which party was the wrongdoer. *See Villasan*, 166 S.W.3d at 758. "The prior statutory language may well have been intended to yield the same result, but court interpretations have read it otherwise so long as the plaintiff was willing to sue the parties in the 'correct' order." Michael D. Morrison, *Texas Tort Law—2003; It Was a Very ___ Year*, 56 Baylor L.Rev. 423, 479–80 (2004).

Of the few appellate decisions addressing section 101.106, all involve dismissing the suit against the governmental employees, specifically section 101.106(e). This is because the statute strongly favors dismissal of the governmental employees. TEX. CIV. PRAC. REM.CODE § 101.106(e), (f). Upon the motion of either the government or the employees, a plaintiff is forced to proceed against the government alone in three circumstances: "(1) when the suit is initially filed against the governmental agency alone; (2) when the suit is initially filed against both governmental agency and its employees; and (3) when the suit is initially filed against the government employee when the employee's conduct is alleged to have been within his scope of employment." *Villasan*, 166 S.W.3d at 758. The decisions have held that once the government files a motion to dismiss the employees under section 101.106(e), the trial court must grant the motion and dismiss the employees from the suit. *Villasan*, 166 S.W.3d at 761–62; *Hernandez v. Duncanville Sch. Dist.*, No. 3:04–CV–2028–BH (B), 2005 WL 723458 at **5–6, 2005 U.S. Dist. LEXIS 5090 at **16–18 (N.D.Tex. Mar. 29, 2005) (not designated for publication); *Martinez v. Ctr. for Health Care Servs.*, No. SA–04–CA–0412–RF, 2005 WL 1168433 at *2, 2005 U.S. Dist. LEXIS 9379 at *6 (W.D.Tex. May 12, 2005) (not designated for publication).

The present case concerns the opposite situation. Instead of seeking to dismiss the Defendant Employees under section 101.106(e), WISD argues that 101.106(b) requires the dismissal of Appellees' case against the governmental unit.

Section 101.106(b) states that the filing of a suit against any employee of a governmental unit forever bars any suit or recovery against the governmental unit involving the "same subject matter." Because Appellees filed suit against the Defendant Employees for malicious prosecution, WISD argues that Appellees suit against it for unlawful termination of their employment should be dismissed under section 101.106(b). WISD's arguments in support of dismissal under section 101.106(b) are twofold: (1) under section 101.106(b) the capacity in which the Defendant Employees were sued is irrelevant; and (2) the cause of action against the Defendant Employees and the cause of action against WISD consist of the same subject matter.

### Capacity of Employee Irrelevant

First, WISD argues that the simple act of filing a suit against a governmental employee automatically bars a suit against the governmental unit, irrespective of whether the suit is filed against the employee in his official capacity or in his individual capacity. WISD states that it is irrelevant that Appellees sued the Defendant Employees for a common law claim outside the TTCA. They reason that because the language "under this chapter" is omitted from section 101.106(b), the provision is not restricted to TTCA claims alone, but applies to any common law tort claim brought against a governmental employee. Nor, WISD argues, does it matter that Appellees sued the Defendant Employees in their individual capacity because section 101.106(b) does not distinguish between suits filed against government employees in their official capacity and those filed against employees in their individual capacities. Therefore, WISD argues it is irrelevant that Appellees filed the lawsuit against the Defendant Employees, either as individuals or in their official capacity, because in either instance the lawsuit against WISD is still barred.

Because amended section 101.106 contains similar language to that of former section 101.106, we look to previous interpretations of former section 101.106 for our analysis. *See* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3305, (amended 2003) (current version at TEX. CIV. PRAC. & REM.CODE § 101.106). While the former statute did not address it, interpretations of former section 101.106 did not differentiate between whether the government employee was sued in his official or individual capacity in order to determine whether the statute's bar applied. "Whether the plaintiff's claim against the governmental unit falls under the TTCA is relevant, but whether the plaintiff's claim against the employee falls under the TTCA is not." *Hallmark v. City of Fredericksburg,* 94 S.W.3d 703, 710 (Tex.App.-San Antonio 2002, pet. denied) (citing *Brand v. Savage,* 920 S.W.2d 672, 674–75 (Tex.App.-Houston [1st Dist.] 1995, no writ)). This is because the purpose of former section 101.106 was to protect government employees from individual liability when a claim based upon the same facts is also made against their government employers under the TTCA. *Hallmark,* 94 S.W.3d at 710 (citing *Gonzalez v. El Paso Hosp. Dist.,* 940 S.W.2d 793, 795 (Tex.App.-El Paso 1997, no writ)).

The current version of amended-statute section 101.106(b) also does not differentiate between an employee in his official or individual capacity, and a deeper analysis reveals why this is so. TEX. CIV. PRAC. & REM.CODE § 101.106. Filing a suit against an employee in his official capacity is "an attempt to impose liability on the State." *Tex. Parks and Wildlife Dept. v. E.E. Lowrey Realty, Ltd.,* 155 S.W.3d 456, 458 (Tex.App.-Waco 2004, pet. filed) (citing *Vela v. Rocha,* 52 S.W.3d 398, 403 (Tex. App.-Corpus Christi 2001, no pet.)). And so, if an employee sued in his official capacity files a motion under section 101.106(f), and the plaintiff dismisses the employee and amends his petition to name the governmental unit, then the suit is considered as a suit against the governmental unit. TEX. CIV. PRAC. & REM.CODE § 101.106(f). However, if the employee makes no such motion, then the government is protected by the irrevocable bar of section 101.106(b). TEX. CIV. PRAC. & REM. CODE § 101.106(b). It is precisely because section 101.106(b) does not address the capacity of the employee, that subsection (b) applies to employees sued in their official capacity who fail to file a motion under section 101.106(f). TEX. CIV. PRAC. & REM. CODE § 101.106(b), (f).

Similarly, because section 101.106(b) omits "under this chapter" it also applies to employees sued in their individual capacities, as employees sued in this capacity are usually sued under the common law. *See McGowen v. Huang,* 120 S.W.3d 452, 459 (Tex.App.-Texarkana 2003, pet. denied). The governmental unit is protected under both situations. Therefore, construing section 101.106 in the "plain and common meaning of the statute's words," the absence of a reference to "under this chapter" or to the capacity under which the employee is sued is intentional. *Computek Computer & Office Supplies, Inc. v. Walton,* 156 S.W.3d 217, 223 (Tex.App.-Dallas 2005, no pet.) (quoting *LaPorte v. Barfield,* 898 S.W.2d 288, 292 (Tex.1995)); *Villasan,* 166 S.W.3d at 762. Accordingly, we agree with WISD that under section 101.106(b) whether the Defendant Employees were sued in their official or individual capacities is irrelevant.

### Same Subject Matter

■ WISD also argues that the lawsuit against WISD and the Defendant Employees involves the same subject matter, as required by the statute. TEX. CIV. PRAC. & REM.CODE § 101.106(b). WISD states that the subject matter of the lawsuit was the unlawful termination of the Appellees employment, and the malicious prosecution claim against the Defendant Employees is connected with the Appellees unlawful termination claim. WISD states that, but for the Defendant Employees actions which ultimately led to the termination of Appellees' employment, there would be no cause of action against WISD. Thus, WISD argues that the actions and occurrences between Appellees, WISD, and the Defendant Employees are so inextricably intertwined that they cannot be separated. Therefore, WISD contends that Appellees' claim against WISD is forever barred.

Again we look to previous interpretations of former section 101.106 for our analysis. *See* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3305, (amended 2003) (current version at TEX. CIV. PRAC. & REM.CODE § 101.106). Under the former statute, whether suits against the government and its employees were based on the same cause of action was irrelevant. *Bossley,* 968 S.W.2d at 343. The relevant inquiry was whether the two causes of action involved the same subject matter. *Id.; Newman v. Obersteller,* 960 S.W.2d 621, 622 (Tex.1997); *Beasley v. Clark,* 986 S.W.2d 256, 257 (Tex.App.-Houston [1st Dist.] 1998, no pet.); *McGowen,* 120 S.W.3d at 459. In previous cases, "same subject matter" is defined as "arising out of the same actions, transactions, or occurrences." *Bossley,* 968 S.W.2d at 343; *Newman,* 960 S.W.2d at 622. Other courts use the factors of res judicata as relevant in determining same subject matter. *See McGowen,* 120 S.W.3d at 459. Under the doctrine of res judicata, determining whether suits involve the same transaction are based on a consideration of "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage." *Sanders v. Blockbuster, Inc.,* 127 S.W.3d 382, 386 (Tex. App.-Beaumont 2004, pet. denied) (quoting Restatement (second) of Judgments § 24(2)); *McGowen,* 120 S.W.3d at 459 (citing *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 631 (Tex.1992)).

Appellees argue that the suit against WISD and the Defendant Employees involves two different set of facts: those involving their unlawful termination and those involving their malicious prosecution. We agree.

The Defendant Employees reported Appellees alleged theft to the police two months after Appellees' employment had been terminated. WISD claims that the two causes of action are intertwined because the actions of the Defendant Employees led to the Appellees' termination, and because the accusations against the Appellees were well known to those on the Board the day the Board rejected Appellees appeal. However, Appellees state that on the day their administrative appeal was denied, they were unaware that the Defendant Employees had accused them of wrongdoing, much less reported their suspicions to the police. Appellees' administrative appeal was denied shortly before they were arrested. Also, the actual termination of their employment, the subject of their complaint against WISD, and the facts leading up to their termination, occurred nearly four months before they were arrested. The filing of a grievance claim by Appellees and the subsequent termination of their employment by WISD in alleged retaliation for filing the grievance are the actions that led to the filing of the unlawful termination claim. The alleged false accusations of criminal conduct made to the police and the subsequent arrest of Appellees, none of which occurred before or contributed to the termination of the Appellees' employment four months prior, are the facts that led to the filing of the malicious prosecution claim.

WISD also argues that Appellees' petition is proof that the two causes of action consist of the same subject matter because the lawsuit was brought against both WISD and the Defendant Employees and the Appellees in their petition seek to recover from "Defendants, jointly and severally" in their prayer for relief. Though both causes of action are brought in the same lawsuit, Appellees state that this was for the purpose of judicial economy. The facts for each cause of action were separated into different paragraphs in their petition and included in the separate paragraphs was a specific request for damages from each defendant.

We find that the facts giving rise to the different causes of action are sufficiently separated by time and place and do not arise out of the same transactions or occurrences so as to constitute different subject matters under section 101.106(b). See *Bossley*, 968 S.W.2d at 343; *McGowen*, 120 S.W.3d at 459. Therefore, 101.106(b) does not apply to WISD as a means by which it should be dismissed from Appellees' lawsuit. The trial court did not err in denying WISD's plea to the jurisdiction. Accordingly, we overrule WISD's only issue.

### Conclusion

Having overruled WISD's only issue, we affirm the judgment of the trial court.

(Chief Justice GRAY dissents with a note: By a separate order issued November 23, 2005, the Appellant's motion for rehearing is being denied by a majority of the justices who participated in the original decision of this appeal. But the motion for rehearing pointed out sufficient problems with the opinion originally issued on September 7, 2005, that the opinion and judgment of that date are being withdrawn and the majority's new opinion and judgment dated November 23, 2005, are substituted for them. My dissenting opinion dated September 7, 2005, is not withdrawn but will be reissued on November 23, 2005. For a further discussion of the problems being created by the explosion of withdrawals and substituted opinions, see *Kelly v. Gaines*, No. 10–03–00369–CV, 2005 WL 3072838, 2005 Tex.App. LEXIS 9628 (Tex. App.-Waco Nov. 16, 2005). (GRAY, C.J., concurring and dissenting)).

TOM GRAY, Chief Justice, dissenting.

It is probably the type niceties discussed at length in the majority opinion that caused the legislature to use the equivalent of a meat cleaver to try to prevent a plaintiff from suing everybody in sight when the statute was recently amended. The meat cleaver had only one prerequisite in this section; the bar to suit under section 101.106(b) applied to a *"suit or recovery* . . . regarding the same subject matter. . . ." TEX. CIV. PRAC. REM.CODE ANN. § 101.106(b) (Vernon 2005) (emphasis added). The majority has neatly categorized the events leading up to the events as relating to the *claim* for wrongful termination brought against WISD and the *claim* for wrongful prosecution brought against the school district employees. If it could stop there, with a decision that the facts give rise to two claims that could have been asserted by the plaintiffs in two separate suits, we might be finished with our analysis.

But we are not finished. We are not finished for two reasons. The first, which I will not belabor, is the use of the term "suit" in section 101.106(b) as contradistinguished from the term "claim" used elsewhere in the statute, and the second, is the unity of actual damages as pled by the plaintiffs.

The first is simple. The legislature used the broader term "suit" in section 101.106(b) than the term "claim" as used elsewhere in the statute, for example in section 101.106(c). The legislature must have meant something by the use of different terms.

Second, judicial economy not withstanding, I expect real and substantial problems for the plaintiffs in segregating the actual damages caused by the alleged wrongful termination claim from the damages for the malicious prosecution claim. A fact finder in a single suit is probably the only way to sort out the difference in damages, if any. This problem is made evident and persuasively argued by WISD by reference to the plaintiffs' prayer for relief where the prayer is that plaintiffs recover "jointly and severally, their actual damages" and then goes on to seek punitive damages only against the individual defendants. Based on the pleading, the "recovery" sought must relate to the same actual damages for both "claims." *See* TEX. CIV. PRAC. REM.CODE ANN. § 101.106(b) (Vernon 2005). How else could they be jointly and severally liable for any damages?

As currently pled, with the prayer for joint and several liability for damages, there can be little question that the actions are alleged to arise "out of the same transaction, occurrence, or series of transactions or occurrences." *See* TEX.R. CIV. P. 40(a). But in this instance, I think the trial court recognized that this may be only a technical issue, overcome with a pleading amendment, to be followed up with appropriate segregation of damages by the evidence and with an instruction limiting the use of damage evidence for only the claim to which it applied. Thus, while I believe the plaintiffs defeated the trial court's jurisdiction by the manner of their pleading, I believe it is a pleading defect that could be, and must be, remedied. Thus, the appropriate result is to reverse the trial court's order denying the plea to the jurisdiction and remand the case to the trial court for further proceedings consistent with our opinion. *See Subaru of America, Inc. v. David McDavid Nissan, Inc.,* 84 S.W.3d 212 (Tex.2002); *Johnson v. Tims,* No. 10–05–00006–CV, 2005 WL 1531336, 2005 Tex.App. LEXIS 5053 (Tex.App.—Waco June 29, 2005, no pet. h.). Because the majority does not, I respectfully dissent.