In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-025 CV


____________________



ROSE TEJADA, AS NEXT FRIEND OF


KAYLEE TEJADA AND KELSEY TEJADA, Appellant



V.



THOMAS F. ROWE, M.D., THOMAS F. ROWE, M.D., P.A., 


AND JESSICA LINHART DEMAY, M.D., Appellees






On Appeal from the 172nd District Court


Jefferson County, Texas


Trial Cause No. E-172,225






OPINION



 Appellant Rose Tejada (1) sued appellees Thomas F. Rowe, M.D., Thomas F. Rowe,
M.D., P.A., (2) Jessica Linhart DeMay, M.D., and other defendants for medical malpractice
that allegedly occurred during the delivery of Tejada's twin daughters. Rowe and DeMay
filed motions to dismiss. See Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f) (Vernon
2005). The trial court granted the motions to dismiss, and Tejada filed this appeal. We
affirm.

Background


 After an emergency room visit during approximately the thirty-fourth week of her
pregnancy with twins, Rose Tejada was admitted to Park Place Hospital. Tejada's diagnosis
upon admission was pregnancy-induced hypertension. Tejada was also found to be suffering
from gestational diabetes. Approximately six days later, Tejada was transferred to the
University of Texas Medical Branch - Galveston ("UTMB"), where Rowe was the attending
obstetrician and DeMay was a resident. Pitocin was administered to Tejada to augment her
labor. The first twin, Kaylee, was delivered with forceps from a right occiput transverse
position. The second twin, Kelsey, was delivered "by internal podalic version, breech
extraction and forceps for the aftercoming head." Both twins were subsequently diagnosed
with cerebral palsy.

 Tejada sued Rowe, DeMay, and other defendants for medical malpractice. Tejada's
petition asserted that Rowe and DeMay were negligent in failing to appropriately monitor
and evaluate the fetal heart rates; failing "to accurately assess and intervene in a timely
manner;" "failing to identify risk factors during labor;" "failing to monitor maternal and/or
fetal condition;" "[i]nadequate patient assessment;" "failing to notify physician appropriately
and/or in a timely manner;" "failing to properly and adequately supervise the nursing staff 
. . . ;" "failing to assign and provide an adequate nursing staff . . .;" "failing to use sound
nursing judgments;" and "permitting a resident or intern to deliver the bab[ies] without
proper instruction, training or supervision[.]"

 Attached to Tejada's petition were reports and curricula vitae from two experts, Dr.
Carlos Cunado and Dr. Ronald Caplan. Dr. Cunado's one-page report stated that he was
currently treating Kaylee and Kelsey for cerebral palsy. Dr. Cunado's report also explained
as follows:

 Based on reasonable medical probability, it is my opinion that the
cerebral palsy of both the Tejada twins, Kaylee and Kelsey, is the proximate
result of the mechanical trauma and perinatal hypoxia suffered by them during
delivery. [T]he mechanical trauma and hypoxia cause irreversible brain injury
which goes on to manifest as cerebral palsy.


Dr. Caplan's much more lengthy report asserted that Rowe and DeMay were negligent in
performing a forceps rotation on Kaylee; failing to perform a cesarean section; failing to
perform an episiotomy; failing to utilize appropriate anesthesia; performing a traumatic
delivery; inappropriately responding to fetal heart decelerations and the presence of
meconium; performing a breech extraction "with internal podalic version and forceps to the
aftercoming head" on Kelsey; and augmenting Tejada's labor with Pitocin. Dr. Caplan's
report concluded as follows:

 The use of Pitocin increased the force of the uterine contractions to which
these babies were being subjected. Pitocin should not have been used, nor
should its dosage have been increased. In fact, its use should have been
stopped.


 These deviations from accepted standards of medical care were directly
responsible for the sequelae experienced by Kaylee Tejada . . . and Kelsey
Tejada. . . .


 Rowe and DeMay filed motions to dismiss on the grounds that Tejada's claims could
have been brought against UTMB because Rowe and DeMay were acting in their official
capacities as government employees. See Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f).
DeMay's motion was verified, and Rowe's motion included an affidavit which averred that
he was an employee of UTMB, he received his salary from the State of Texas, and all of his
interactions with Tejada were within the general scope of his employment with UTMB. The
trial court granted both motions to dismiss, and Tejada filed this appeal, in which she
presents four issues for our review.

Issues One and Three


 In her first issue, Tejada asserts that the trial court erred by dismissing her case
because Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f) "does not apply to cases which are
not filed under the Texas Tort Claims Act." Tejada maintains that if a plaintiff does not sue
a governmental entity, "§ 101.106(f) does not prohibit a lawsuit against a state employee in
his or her individual capacity." In her third issue, Tejada contends the trial court erred in
dismissing the case because Rowe and DeMay failed to meet their burden of proving that
Tejada's claims could have been brought against UTMB. We address issues one and three
together.

 We first address appellees' contention that Tejada waived review of these issues on
appeal by failing to file a response to the motions to dismiss in the trial court. At oral
argument the parties agreed that Tejada's counsel participated in the hearing on the motions
to dismiss. Further, the statute does not require the filing of a written response. See Tex.
Civ. Prac. & Rem. Code Ann. § 101.106 (Vernon 2005); compare Tex. R. Civ. P. 166a(c)
(Rule governing summary judgments provides that "[i]ssues not expressly presented to the
trial court by written motion, answer or other response shall not be considered on appeal as
grounds for reversal."). Therefore, we find that Tejada's counsel's participation in the
hearing sufficiently apprised the trial court of Tejada's arguments regarding the motion to
dismiss. See Tex. R. App. P. 33.1(a).

 Section 101.106(f) of the Tort Claims Act provides as follows:

 (f) If a suit is filed against an employee of a governmental unit based
on conduct within the general scope of that employee's employment and if it
could have been brought under this chapter against the governmental unit, the
suit is considered to be against the employee in the employee's official
capacity only. On the employee's motion, the suit against the employee shall
be dismissed unless the plaintiff files amended pleadings dismissing the
employee and naming the governmental unit as defendant on or before the 30th
day after the date the motion is filed.


Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f). Tejada asserts that the Tort Claims Act
does not apply to this case because she seeks to recover against Rowe and DeMay in their
individual capacities under common law theories of recovery, and she did not sue a
governmental unit. The terms of section 101.106(f) do not restrict its application to cases in
which the governmental unit has been named as a defendant. In fact, section 101.106(f)
requires that the suit against the employee must be dismissed unless the plaintiff files
amended pleadings dismissing the employee and substituting the governmental unit within
thirty days after the employee files a motion to dismiss. See id.; see also Tex. Gov't Code
Ann. § 311.016(2) (Vernon 2005) ("'Shall' imposes a duty."). In addition, section
101.106(e) expressly addresses lawsuits filed against both a governmental unit and its
employees. See Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e) (Vernon 2005); see
generally Tex. Gov't Code Ann. § 311.011(a) (Vernon 2005) (Phrases shall be read in
context.).

 The language of section 101.106(f) vitiates Tejada's argument that she may elect to
pursue claims against Rowe and DeMay individually if she does not sue a governmental unit. 
In support of this argument, Tejada cites Villasan v. O'Rourke, 166 S.W.3d 752, 761 (Tex.
App.--Beaumont 2005, pet. filed) ("Injured claimants may still opt to proceed on viable
common law claims against individual governmental employees, as common law claims are
not proscribed by the amended statutory provisions of section 101.106."), and Waxahachie
Independent School District v. Johnson, 181 S.W.3d 781, 787 (Tex. App.--Waco 2005, pet.
filed) ("[B]ecause section 101.106(b) omits 'under this chapter' it also applies to employees
sued in their individual capacities, as employees sued in this capacity are usually sued under
the common law."). However, Villasan dealt with Tex. Civ. Prac. & Rem. Code Ann. §
101.106(e), not subsection (f), and Waxahachie dealt with subsection (b). See Villasan, 166
S.W.3d at 756; Waxahachie, 181 S.W.3d at 786-87. Unlike subsections (b) and (e),
subsection (f) explicitly provides that if a claimant sues a government employee "based on
conduct within the general scope of that employee's employment and if [the claim] could
have been brought under this chapter against the governmental unit, the suit is considered to
be against the employee in the employee's official capacity only." Tex. Civ. Prac. & Rem.
Code Ann. § 101.106(b), (e), (f).

 We conclude that Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f) evidences the
Legislature's intent to provide a procedure for dismissing government employees and
substituting the governmental entity in cases in which only employees were named as
defendants. Therefore, we now turn to the question of whether Tejada's claims were based
on conduct within the general scope of appellees' employment. See id.

 According to Tejada's petition and the expert reports attached thereto, her claims
against Rowe and DeMay arise from the treatment they provided during labor and the
deliveries of Kaylee and Kelsey. The affidavit attached to Rowe's motion to dismiss averred
that Rowe was an employee of UTMB, and "[a]ll of my interaction with the patient, Rose
Tejada, including the delivery of her twins, was within the general scope of my employment
with UTMB." DeMay's verified motion to dismiss asserted that she was an employee of
UTMB (and therefore, the State of Texas) when she treated Tejada, and she provided medical
care to Tejada in her official capacity as an employee of UTMB. Tejada's pleadings, the
expert reports attached thereto, and the evidence provided with appellees' motions to dismiss,
establish that Tejada's claim was based on conduct within the general scope of appellees'
employment with UTMB. See Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f). Therefore,
we find Rowe and DeMay met their burden of proof under section 101.106(f). See id.

 Lastly, we determine whether Tejada's claims "could have been brought under this
chapter against the governmental unit[.]" Id. Section 101.021 of the Tort Claims Act
provides that a governmental unit is liable for "personal injury . . . so caused by a condition
or use of tangible personal or real property if the governmental unit would, were it a private
person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code
Ann. § 101.021(2) (Vernon 2005). The expert reports Tejada filed with her petition assert
that the use of Pitocin to augment Tejada's labor, as well as the use of forceps in the
deliveries of Kaylee and Kelsey, caused the brain injuries suffered by Kaylee and Kelsey.
Both the Pitocin and the forceps are tangible personal property, the use of which Tejada
asserts caused the twins' injuries. (3) See id. Therefore, we find Tejada's claim could have
been brought against the governmental entity, UTMB. Having determined that the pleadings
and evidence demonstrated that Tejada's claim arose from the general scope of appellees'
employment with UTMB and could have been brought against UTMB, we find the trial court
did not err in dismissing Rowe and DeMay. See Tex. Civ. Prac. & Rem. Code Ann. §
101.106(f). We overrule issues one and three.

Issue Two


 In issue two, Tejada asserts the trial court erred by dismissing her claim with
prejudice. However, Tejada's brief contains no argument or authorities in support of this
contention. Therefore, Tejada has waived this issue. See Tex. R. App. P. 38.1(h); Abdelnour
v. Mid Nat'l Holdings, Inc., 190 S.W.3d 237, 241-42 (Tex. App.--Houston [1st Dist.] 2006,
no pet.) ("Issues on appeal are waived if an appellant fails to support his contention by
citations to appropriate authority. . . . [Tex. R. App. P. 38.1] does not prohibit an appellant
from making a novel argument for which there is no authority 'directly on point.' However,
a novel contention must be grounded in analogous case law or provide a relevant
jurisprudential framework for evaluating the claim."). We overrule issue two.

Issue Four


 In issue four, Tejada asserts that the trial court erred in dismissing her case because 
Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f) "unreasonably restricts Appellant's access
to the courts in violation of the open courts and due process guarantees of art. I, § 13 of the
Texas Constitution." The record reflects that this claim was not raised before the trial court. 
Therefore, Tejada did not preserve this issue for our review. See Tex. R. App. 33.1(a); Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 222 (Tex. 2002) ("A litigant must raise an open-courts challenge in the trial court."). We overrule issue four and affirm the trial court's
judgment.

 AFFIRMED.



 ______________________________

 STEVE MCKEITHEN

 Chief Justice


Submitted on September 28, 2006

Opinion Delivered November 22, 2006

Before McKeithen, C.J., Gaultney and Kreger, JJ. 



CONCURRING OPINION


 Appellant's complaints were not preserved for appellate review. Tex. R. App. P. 33.1. 
No reporter's record has been filed, and we do not know whether appellant presented any of
the issues to the trial court. Nothing in the clerk's record indicates an objection, response,
motion, or presentation of any kind was made in response to appellees' motions to dismiss,
or even after the dismissal orders were signed. I would not reach the merits of the issues. 
See Tex. R. App. P. 33.1. I respectfully concur only in the affirmance of the trial court's
judgment. 

 ____________________________

 DAVID GAULTNEY

 Justice


Concurrence Delivered

November 22, 2006
1. Tejada sued as next friend of her daughters, Kaylee and Kelsey.
2. We will refer to Thomas Rowe, M.D. and his professional association collectively
as "Rowe."
3. Compare Franka v. Velasquez, No. 04-06-00190-CV, 2006 WL 2546535 (Tex.
App.--San Antonio Sept. 6, 2006, no pet. h.) (When vacuum extractor was used to deliver
baby's head, and baby suffered shoulder injury, sovereign immunity was not waived because
the vacuum extractor did not cause the alleged injury.).