COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-05-195-CV

 

BRIAN MERONEY                                                                APPELLANT

 

                                                   V.

 

CITY OF COLLEYVILLE AND                                                   APPELLEES

JEFFERY
JAMES JONES

 

                                              ------------

 

            FROM
THE 96TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Appellant Brian Meroney
appeals from a take-nothing judgment in favor of appellee the City of
Colleyville and from the trial court=s order dismissing appellee Jeffery James Jones, the City=s Assistant Fire Chief, from the underlying suit.  In three issues, Meroney contends that the
trial court erred by granting the City=s plea to the jurisdiction and the City=s motion to dismiss Assistant Chief Jones under section 101.106 of the
civil practice and remedies code.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 101.106 (Vernon 2005).  We
affirm in part and reverse and remand in part.








Factual and Procedural
Background

Meroney was formerly employed
as a firefighter with the City.  On
November 18, 2004, Meroney sued the City, alleging that in September 2004, the
City wrongfully forced him to resign and that since that time, the City had Adisseminated false information concerning [Meroney=s] employment with the City to prospective employers, damaging his
reputation and ability to earn a living.@[1]  Meroney did not request the
recovery of money damages, only the issuance of an injunction enjoining the
City from Adisseminating
false information concerning [Meroney=s] work history,@ and
attorney=s fees.  The City answered and
filed a plea to the jurisdiction alleging that it was immune from suit because
Meroney=s claim, defamation, is an intentional tort for which immunity from
suit is not waived under the Texas Tort Claims Act (TTCA).  Id. ' 101.021.








On February 15, 2005, Meroney
filed a First Amended Petition adding Assistant Chief Jones as an additional
defendant.  He alleged that Assistant
Chief Jones had made false, defamatory remarks about him that were
intentionally made to injure Meroney=s reputation and that he was entitled to money damages as a result.[2]  Specifically, Meroney alleged that Assistant
Chief Jones told others (1) that Meroney had refused to accept a job offered by
another fire department, (2) that Meroney had stolen property from the City,
and (3) that Meroney had refused to address Acertain issues@ related to
the resignation.  Meroney deleted his
request for attorney=s fees
against the City from his First Amended Petition but retained the request for
injunctive relief against the City.  Also
on February 15, the City filed a motion to dismiss Assistant Chief Jones from
the suit under section 101.106 of the civil practice and remedies code, the
election of remedies provision of that Act.

The trial court heard the
City=s plea to the jurisdiction and its motion to dismiss Assistant Chief
Jones on February 17, 2005, but the trial court did not sign an order until May
3, 2005.  In the meantime, Meroney filed
a Second Amended Petition on April 7, 2005, in which he added a claim against
Assistant Chief Jones for intentional infliction of emotional distress.  On May 3, the trial court signed orders
dismissing the suit against the City for want of jurisdiction and dismissing
the suit against Assistant Chief Jones under section 101.106.  The trial court then entered a final take-nothing
judgment in favor of the City.  








Analysis

Injunctive Relief

In his third
issue, Meroney contends that the trial court erred by granting the City=s plea to the jurisdiction.[3]  The City contends that it has governmental
immunity from Meroney=s suit
because his suit is for defamation, an intentional tort, for which immunity is
not waived under the TTCA.

Governmental immunity from
suit defeats a trial court=s subject matter jurisdiction and thus is properly asserted in a plea
to the jurisdiction.  See Tex. Dep=t of Parks & Wildlife v. Miranda, 133
S.W.3d 217, 225-26 (Tex. 2004).  The
trial court must determine at its earliest opportunity whether it has the
constitutional or statutory authority to decide the case before allowing the
litigation to proceed.  Id. at
226.








We review the trial court=s ruling on a plea to the jurisdiction based on immunity from suit
under a de novo standard of review.  Id.
at 225-26, 228; Tex. Natural Res. Conserv. Comm'n v. IT‑Davy, 74
S.W.3d 849, 855 (Tex. 2002).  Whether
undisputed evidence of jurisdictional facts establishes a trial court=s jurisdiction is a question of law. 
Miranda, 133 S.W.3d at 226. 
Here, the nature of Meroney=s claims is undisputed; rather, it is the legal effect of those claims
that is disputed.  Thus, we determine as
a matter of law whether the undisputed facts establish jurisdiction.

When a plea to the
jurisdiction challenges the pleadings, we determine if the pleader has alleged
facts that affirmatively demonstrate the court=s jurisdiction to hear the cause. 
Id.; Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 446 (Tex. 2000).  We construe
the pleadings liberally in favor of the plaintiff and look to the pleader=s intent.  Miranda, 133
S.W.3d at 226; Tex. Ass'n of Bus., 852 S.W.2d at 446.

A city is generally protected
by governmental immunity.  City of
Houston v. Williams, 183 S.W.3d 409, 413 (Tex. App.CHouston [14th Dist.] 2005, pet. filed).  Governmental immunity protects governmental
entities from lawsuits for damages absent legislative consent.  See Fed. Sign v. Tex. S. Univ., 951
S.W.2d 401, 405 (Tex. 1997).  The
doctrine of governmental immunity encompasses two distinct concepts:  (1) immunity from suit (barring a lawsuit unless
the legislature expressly gives its consent to suit); and (2) immunity from
liability (even if the legislature has expressly given its consent to the
suit).  See id.  AImmunity from liability is an affirmative defense, while immunity from
suit deprives a court of subject matter jurisdiction.@  Miranda, 133 S.W.3d at
224. 








The TTCA provides a limited
waiver of immunity from suit and liability for certain claims.  Tex.
Civ. Prac. & Rem. Code Ann.
' 101.021; Tex. A & M Univ. v. Bishop, 156 S.W.3d 580, 583
(Tex. 2005); Prairie View A & M Univ. v. Brooks, 180 S.W.3d 694, 703
(Tex. App.CHouston [14th
Dist.] 2005, no pet.).  But the TTCA does
not waive that immunity for intentional torts. 
Tex. Civ. Prac. & Rem. Code
Ann. ' 101.057(2); Tex. Dep=t of Pub. Safety v. Petta, 44 S.W.3d
575, 580 (Tex. 2001).  Defamation is an
intentional tort.  Univ. of Tex. Med.
Branch at Galveston v. Hohman, 6 S.W.3d 767, 777 (Tex. App.CHouston [1st Dist.] 1999, pet. dism=d w.o.j.) (op. on reh=g).  Thus, the City=s governmental immunity from suit and liability is not waived under
the TTCA.













Regardless, Meroney contends
that the City=s immunity
is waived because his claim for injunctive relief does not attempt to subject
the City to liability.  However,
governmental immunity protects governmental entities from both suits for
money damages and suits seeking to control those entities= lawful actions.  Fort Bend
County v. Martin-Simon, 177 S.W.3d 479, 484 (Tex. App.CHouston [1st Dist.] 2005, no pet.). 
A governmental entity=s immunity is not waived in a suit seeking
to enjoin alleged actions of a state official that are not within that
official=s legal authority; such suits are not suits against the State for
immunity purposes.  Tex. Workers= Comp. Comm=n v. Horton, 187 S.W.3d 282, 285 (Tex.
App.CBeaumont 2006, no pet.); Rylander v. Caldwell, 23 S.W.3d 132,
135 (Tex. App.CAustin 2000,
no pet.); Bagg v. Univ. of Tex. Med. Branch at Galveston, 726 S.W.2d
582, 585 (Tex. App.CHouston
[14th Dist.] 1987, writ ref=d n.r.e.); see Dep=t of Agric. & Env=t v. Printing Indus. Ass=n, 600 S.W.2d 264, 265-66 (Tex. 1980);
Griffin v. Hawn, 161 Tex. 422, 341 S.W.2d 151, 153 (1960); Cobb v.
Harrington, 144 Tex. 360, 190 S.W.2d 709, 712 (1945).[4]  However, in such cases, the governmental
entity is not a proper party to such a suit for injunctive relief; only the
official alleged to have committed the unauthorized act or actsCin his or her individual capacity as opposed to official capacityCmay be sued.  E.g., Denson v.
Tex. Dep=t of Crim.
Justice-Inst. Div., 63 S.W.3d 454, 460 (Tex.
App.CTyler 1999, pet. denied); Camacho v. Samaniego, 954 S.W.2d 811,
820 (Tex. App.CEl Paso
1997, pet. denied); Bagg, 726 S.W.2d at 584-85.[5]  This is so because a state official acting
outside of his or her authority is not acting on behalf of the State.  Camacho, 954 S.W.2d at 820; Bagg,
726 S.W.2d at 585; see also IT-Davy, 74 S.W.3d at 855 (holding
same as to suits seeking declaratory relief). 
Thus, even if Meroney=s suit is more properly characterized as a suit seeking to enjoin
allegedly unauthorized actions of a City official, the City would not be a
proper party to that suit; rather, Assistant Chief Jones would be the proper
party.  But Meroney did not seek
injunctive relief against Assistant Chief Jones.  We hold that the trial court did not err by
granting the City=s plea to
the jurisdiction.  We overrule Meroney=s third issue.

Election of Remedies








In his first and second
issues, Meroney claims that the trial court erred by granting the City=s motion to dismiss his claims against Assistant Chief Jones.  The City and Assistant Chief Jones argue that
the trial court properly granted the motion to dismiss Assistant Chief Jones
because by suing the City first under the TTCA, Meroney irrevocably elected to
sue the City instead of the Assistant Chief. 
See Tex. Civ. Prac. &
Rem. Code Ann. ' 101.106(a),
(e) (providing that the filing of a suit under the TTCA against a governmental
entity constitutes an irrevocable election by the plaintiff, which bars any
suit or recovery by the plaintiff against any individual employee of the
governmental entity regarding the same subject matter and requiring trial court
to dismiss employee if suit filed against both governmental entity and
employee).  Meroney contends that his
claim against the City was not brought under the TTCA because his claims are
for injunctive relief rather than damages for property damage, personal injury,
or death, see id. ' 101.021;
thus, he did not elect to sue the City under the TTCA in lieu of bringing a
claim for damages against Assistant Chief Jones.

The current version of
section 101.021 of the TTCA, which controls in this case,[6]
waives immunity for

(1) property damage, personal injury, and death
proximately caused by the wrongful act or omission or the negligence of an
employee acting within his scope of employment if:

 

(A) the property damage, personal injury, or
death arises from the operation or use of a motor‑driven vehicle or motor‑driven
equipment;  and

 








(B) the employee would be personally liable to
the claimant according to Texas law;  and

 

(2) personal injury and death so caused by a
condition or use of tangible personal or real property if the governmental unit
would, were it a private person, be liable to the claimant according to Texas
law.

 

Id. ' 101.021.  Section 101.106(a)
provides that

[t]he
filing of a suit under this chapter [the TTCA] against a governmental unit
constitutes an irrevocable election by the plaintiff and immediately and
forever bars any suit or recovery by the plaintiff against any
individual employee of the governmental unit regarding the same subject matter.

 

Id. ' 101.106(a) (emphasis added). 
Under section 101.106(e), AIf a suit is filed under this chapter [the TTCA] against both a
governmental unit and any of its employees, the employees shall immediately be
dismissed on the filing of a motion by the governmental unit.@  Id. ' 101.106(e) (emphasis added).








The Legislature recently
amended section 101.106 in 2003[7]
apparently to force a plaintiff to choose whether he would seek to impose tort
liability on a governmental unit or on governmental employees acting as
individuals outside their official capacities. 
See Waxahachie ISD v. Johnson, 181 S.W.3d 781, 785 (Tex. App.CWaco 2005, pet. filed); Villasan v. O=Rourke, 166 S.W.3d 752, 758, 759‑60
(Tex. App.CBeaumont
2005, pet. filed).  The choice of one
immediately and irrevocably bars the plaintiff=s claims against the other.  Tex. Civ. Prac. & Rem. Code Ann. ' 101.106(a)-(d).  A plaintiff
unwise in his choice potentially faces an irrevocable bar against both the
governmental entity and its employees.  Id.;
Waxahachie ISD, 181 S.W.3d at 785.

The effect of the statute is
that a plaintiff is no longer able to include every potential tortfeasor in a
suit, argue alternative theories of recovery based on the same conduct, and
allow a fact finder to decide which party was the wrongdoer.  See Waxahachie ISD, 181 S.W.3d at 785;
Villasan, 166 S.W.3d at 758.  At the
election of the government or its employee, the respective defendant may force
the plaintiff to proceed in TTCA suits against the governmental entity alone in
three possible circumstances:  (1) when
the suit is initially filed against the governmental agency alone; (2) when the
suit is initially filed against both the governmental agency and its employees;
and (3) when the suit is initially filed against the employee when the employee=s conduct is alleged to have been within his scope of employment,
i.e., when the employee is alleged to have acted solely in his or her official
capacity.  See Tex. Civ. Prac. & Rem. Code Ann. ' 101.106; Waxahachie ISD, 181 S.W.3d at 785; Villasan,
166 S.W.3d at 758.








A suit against a governmental
employee in his or her individual capacity seeks to impose personal liability
on the employee for actions taken under color of state law, Hidalgo County
v. Gonzalez, 128 S.W.3d 788, 793 (Tex. App.CCorpus Christi 2004, no pet.), whereas a suit against that employee in
his or her official capacity seeks to impose liability on the governmental
entity itself, id.; De Miño v. Sheridan, 176 S.W.3d 359, 365-66
(Tex. App.CHouston [1st
Dist.] 2004, no pet.).  Thus, a
governmental employee sued in his or her official capacity is entitled to
sovereign immunity from suit to the same extent the entity is entitled to such
immunity.  De Miño, 176 S.W.3d at
366; Gonzalez, 128 S.W.3d at 793. 
Accordingly, to the extent Meroney=s claims are against Assistant Chief Jones in his official capacity,
they are barred because the City=s immunity from suit and liability for intentional torts is not
waived; therefore, we overrule Meroney=s first and second issues as to Meroney=s claims against Assistant Chief Jones in his official capacity.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 101.057.








To the extent Meroney=s petition raises claims against Assistant Chief Jones in his
individual capacity, Meroney contends that his claim for injunctive relief
against the City is not a claim for property damage, personal injury, or death;
thus, it is not a suit under the TTCA to which section 101.106 would apply.  But an injunction is an equitable remedy, not
a cause of action.  Brittingham v.
Ayala, 995 S.W.2d 199, 201 (Tex. App.CSan Antonio 1999, pet. denied). 
To obtain an injunction, a party must prove a probable right to recovery
through a claim or cause of action.  Id.  Thus, although Meroney requested the
equitable remedy of injunctive relief, his claim against the City is
nevertheless properly characterized as a defamation claim.  Defamation is an intentional tort; therefore,
it is excluded from the TTCA=s waiver of immunity from suit and liability.  Tex.
Civ. Prac. & Rem. Code Ann. ' 101.057; Hohman, 6 S.W.3d at 777.

Meroney also contends that
because his claim against the City is excluded from the TTCA=s waiver, his claim against the City is not one Aunder@ the TTCA;
therefore, section 101.106 does not compel the dismissal of Assistant Chief
Jones from the suit.  We agree.

Section 101.106(e) compels
dismissal of a governmental employee if a plaintiff first sues the governmental
entity Aunder this chapter.@  Tex. Civ. Prac. & Rem. Code Ann. ' 101.106(e) (emphasis added). 
But section 101.057 explicitly provides that

[t]his
chapter does not apply to a claim:

 

. . .
.

 

(2) arising out of assault, battery, false
imprisonment, or any other intentional tort, including a tort involving
disciplinary action by school authorities.








Id. ' 101.057 (emphasis added). 
Thus, we conclude and hold that a suit alleging intentional tort claims
against a governmental entity that does not attempt to characterize those
claims as coming within the scope of section 101.021 is not a suit brought
under the TTCA and does not preclude a suit against an employee of the entity
in his or her individual capacity for causes of action regarding the same
subject matter.  Mission Consol. ISD
v. Garcia, 166 S.W.3d 902, 903, 905 (Tex. App.CCorpus Christi 2005, pet. filed); Adkins v. Furey, 2 S.W.3d
346, 350 (Tex. App.CSan Antonio
1999, no pet.); Reck v. Londow, 926 S.W.2d 589, 593 (Tex. App.CBeaumont 1995), rev=d on other grounds, 923 S.W.2d 596 (Tex.
1996).

Our interpretation of section
101.106(a) and (e) is supported by the language in subsection (f).  In construing a statute, we must determine
and give effect to the legislature=s intent, considering the statute as a whole and not its provisions in
isolation.  Continental Cas. Co. v.
Downs, 81 S.W.3d 803, 805 (Tex. 2002); Welch v. McLean, No.
02-02-00237-CV, 2005 WL 1293068, at *13 (Tex. App.CFort Worth June 2 2005, no pet.) (op. on reh=g).  Section 101.106(f) provides
as follows:








If a suit is filed against an employee of a governmental
unit based on conduct within the general scope of that employee's employment
and if it could have been brought under this chapter against the
governmental unit, the suit is considered to be against the employee in the
employee=s
official capacity only.  On the employee=s
motion, the suit against the employee shall be dismissed unless the plaintiff
files amended pleadings dismissing the employee and naming the governmental unit
as defendant on or before the 30th day after the date the motion is filed.

 

Tex. Civ. Prac. &
Rem. Code Ann. ' 101.106(f) (emphasis added). 
Thus, under subsection (f), a suit against a governmental employee
acting within the general scope of employment is considered to be a suit
against the governmental entity only if such a suit could be brought under the
TTCA.  Because an intentional tort suit
is barred under the TTCA, id. ' 101.057, it is not a suit that could be brought  under the TTCA.  Thus, subsection (f) supports our conclusion.

The supreme court reached a
different result under the former version of section 101.106.  See Newman v. Obersteller, 960 S.W.2d
621, 622 (Tex. 1997); see also, e.g., Schauer v. Morgan, 175 S.W.3d 397,
401-02 (Tex. App.CHouston [1st
Dist.] 2005, no pet.) (following Newman); Watson v. Dallas ISD,
135 S.W.3d 208, 231 (Tex. App.CWaco 2004, no pet.) (holding, without relying on Newman, that
judgment in favor of school district on intentional tort claims precluded suit
against individual employees), disapproved of on other grounds by Univ. of
Tex. Med. Branch at Galveston v. Barrett, 159 S.W.3d 631 (Tex. 2005).








In Newman, the
plaintiff sued a school district and a coach employed by the school district
for intentional infliction of emotional distress and conspiracy to
intentionally inflict emotional distress. 
Newman, 960 S.W.2d at 622. 
The school district and coach both obtained summary judgment in their
favor on immunity grounds, but the trial court later vacated the summary
judgment for the coach and severed the two cases.  Id. 
The summary judgment for the school district became final, and the coach
filed an interlocutory appeal under section 51.014 of the civil practice and
remedies code.  Tex. Civ. Prac. & Rem. Code Ann. ' 51.014 (Vernon Supp. 2005); Newman, 960 S.W.2d at 622.

The supreme court held that
former section 101.106 was an unequivocal grant of immunity from suit to an
individual employee when a suit against a governmental entity involving the
same subject matter has proceeded to judgment. 
Newman, 960 S.W.2d at 622. 
The court did not address the issue of statutory construction brought by
Meroney here:  whether a suit against a
governmental entity alleging only an intentional tort, without attempting to
characterize the claim as one for which immunity is waived under section
101.021, is a suit Aunder this
chapter,@ i.e., under the TTCA.








The San Antonio Court of
Appeals has recently addressed this issue with respect to the former version of
the statute and, relying on Newman, has reached a different conclusion
than we reach here.  See Liu v. City
of San Antonio, 88 S.W.3d 737, 744 (Tex. App.CSan Antonio 2002, pet. denied). 
In Liu, Liu sued her employer, the City of San Antonio, and two
supervisors under the Texas Whistleblower Act and for intentional torts.  88 S.W.3d at 739, 743.  The trial court granted San Antonio=s plea to the jurisdiction and the supervisors= motions for summary judgment.  Id.
at 741, 743.  On appeal, Liu raised the
same argument raised by Meroney here: 
that her intentional tort claims against the supervisors were not barred
because she had brought the same claims against the city.  Id. at 744.

The court of appeals relied
on Newman in holding that, although logic appears to dictate the result
we reach hereCthat the
claims against Meroney in his individual capacity are not barred because
section 101.106(e) applies only to a claim Aunder this chapter@ and section 101.057 expressly excludes claims for intentional torts
from the applicability of Athis chapter@Cthe supreme court in Newman Aallowed section 101.106 to defeat an intentional tort claim,
emphasizing that section 101.106 >bars any action=@; thus, the court held that it was bound by the holding in Newman.  Id.  The court of appeals therefore held that Liu=s intentional tort claims against the supervisors were barred.  Id.








Neither the supreme court in Newman
nor the San Antonio court in Liu described the plaintiffs= pleadings in those cases. 
Here, Meroney=s pleadings
do not mention the TTCA, nor do they purport to characterize his intentional
tort claims as negligence claims in an attempt to fit them within the TTCA=s waiver of immunity.  See Tex. Civ. Prac. & Rem. Code Ann. ' 101.021; Petta, 44 S.W.3d at 580; Pineda v. City of Houston,
175 S.W.3d 276, 280 (Tex. App.CHouston [1st Dist.] 2004, no pet.) (same); see also Holland v. City
of Houston, 41 F. Supp. 2d 678, 713 (S.D. Tex. 1999) (relying on Texas
law).  Nor do they address whether those
claims were brought against the governmental employees in their official or
individual capacities.  For these reasons
and because the holdings in Newman and the cases following it are based
on the former version of the statute, which did not include subsection (f), we
do not believe those cases are controlling. 
Accordingly, we hold that to the extent Meroney=s claims are against Assistant Chief Jones in his individual capacity,
they are not barred by section 101.106 and should not have been dismissed.  We sustain Meroney=s first and second issues as to his claims against Assistant Chief
Jones in his individual capacity.

Conclusion








Having overruled Meroney=s third issue, we affirm the trial court=s take-nothing judgment in favor of the City.  Having overruled Meroney=s first and second issues to the extent Meroney=s claims are against Assistant Chief Jones in his official capacity,
we affirm the trial court=s order
dismissing Assistant Chief Jones as to those claims.  But having sustained Meroney=s first and second issues to the extent that his claims against
Assistant Chief Jones are in Assistant Chief Jones=s individual capacity, we reverse the trial court=s order dismissing those claims against Assistant Chief Jones and
remand to the trial court for further proceedings consistent with this opinion.

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

 

DELIVERED:
May 25, 2006











[1]Although
Meroney alleged that the City led him to believe that if he resigned, it would
not release any adverse information about him to prospective employers, he did
not allege that he entered into any specific agreement with the City.





[2]Meroney
did not ask for injunctive relief against Assistant Chief Jones.





[3]We
address Meroney=s
third issue first because it is potentially dispositive of his other issues.





[4]Additionally,
suits to enforce constitutional rights do not require a legislative waiver of
immunity.  Horton, 187 S.W.3d at
286; Tex. State Employees Union/CWA Local 6184 AFLCIO v. Tex. Workforce Comm=n, 16
S.W.3d 61, 69 (Tex. App.CAustin
2000, no pet.), disapproved of on other grounds by Miranda, 133 S.W.3d
at 224 n.4.  However, the Texas
constitution protects the right to speak, even to speak defamatory words,
although damages are recoverable for such speech.  Tex. Mut. Ins. Co. v. Surety Bank, N.A.,
156 S.W.3d 125, 128-29 (Tex. App.CFort Worth 2005, no
pet.).  Thus, we cannot construe Meroney=s
petition as alleging a constitutional violation.  In addition, Meroney has not alleged that the
City acted outside of the scope of its authority as granted by the
legislature.  See Horton, 187
S.W.3d at 285 (A[A]
suit for injunctive relief against a state agency is maintainable only if the
pleadings . . . show that the agency=s activity is unlawful
because it lacks statutory authorization.@); Pub. Util. Comm=n of
Tex. v. Allcomm Long Distance, Inc., 902 S.W.2d 662, 666 (Tex.
App.CAustin
1995, writ denied).





[5]See
also Morris v. Collins, 916 S.W.2d 527, 531 n.4 (Tex. App.CHouston
[1st Dist.] 1995, no pet.) (AThere is no exception to the
doctrine of governmental immunity from suit in cases involving requests for
injunctive relief against the State or a state official in his or her official
capacity.@).





[6]See Act
of June 2, 2003, 78th Leg., R.S., ch. 204, ' 23.02(d), 2003 Tex. Gen.
Laws 847, 899.





[7]The
former version of section 101.106 provided as follows:  A[a] judgment in an action or
a settlement of a claim under this chapter bars any action involving the same
subject matter by the claimant against the employee of the governmental unit
whose act or omission gave rise to the claim.@  Act of May 17, 1985, 69th Leg., R.S., ch.
959, ' 1,
1985 Tex. Gen. Laws 3242, 3305.