MERONEY V. CITY OF COLLEYVILLE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-195-CV

BRIAN MERONEY APPELLANT

V.

CITY OF COLLEYVILLE AND APPELLEES

JEFFERY JAMES JONES

------------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Appellant Brian Meroney appeals from a take-nothing judgment in favor of appellee the City of Colleyville and from the trial court’s order dismissing appellee Jeffery James Jones, the City’s Assistant Fire Chief, from the underlying suit.  In three issues, Meroney contends that the trial court erred by granting the City’s plea to the jurisdiction and the City’s motion to dismiss Assistant Chief Jones under section 101.106 of the civil practice and remedies code.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 101.106 (Vernon 2005).  We affirm in part and reverse and remand in part.

Factual and Procedural Background

Meroney was formerly employed as a firefighter with the City.  On November 18, 2004, Meroney sued the City, alleging that in September 2004, the City wrongfully forced him to resign and that since that time, the City had “disseminated false information concerning [Meroney’s] employment with the City to prospective employers, damaging his reputation and ability to earn a living.”
(footnote: 1)  Meroney did not request the recovery of money damages, only the issuance of an injunction enjoining the City from “disseminating false information concerning [Meroney’s] work history,” and attorney’s fees.  The City answered and filed a plea to the jurisdiction alleging that it was immune from suit because Meroney’s claim, defamation, is an intentional tort for which immunity from suit is not waived under the Texas Tort Claims Act (TTCA).  
Id
. § 101.021.

On February 15, 2005, Meroney filed a First Amended Petition adding Assistant Chief Jones as an additional defendant.  He alleged that Assistant Chief Jones had made false, defamatory remarks about him that were intentionally made to injure Meroney’s reputation and that he was entitled to money damages as a result.
(footnote: 2)  Specifically, Meroney alleged that Assistant Chief Jones told others (1) that Meroney had refused to accept a job offered by another fire department, (2) that Meroney had stolen property from the City, and (3) that Meroney had refused to address “certain issues” related to the resignation.  Meroney deleted his request for attorney’s fees against the City from his First Amended Petition but retained the request for injunctive relief against the City.  Also on February 15, the City filed a motion to dismiss Assistant Chief Jones from the suit under section 101.106 of the civil practice and remedies code, the election of remedies provision of that Act.

The trial court heard the City’s plea to the jurisdiction and its motion to dismiss Assistant Chief Jones on February 17, 2005, but the trial court did not sign an order until May 3, 2005.  In the meantime, Meroney filed a Second Amended Petition on April 7, 2005, in which he added a claim against Assistant Chief Jones for intentional infliction of emotional distress.  On May 3, the trial court signed orders dismissing the suit against the City for want of jurisdiction and dismissing the suit against Assistant Chief Jones under section 101.106.  The trial court then entered a final take-nothing judgment in favor of the City.  

Analysis

Injunctive Relief

In his third issue, Meroney contends that the trial court erred by granting the City’s plea to the jurisdiction.
(footnote: 3)  The City contends that it has governmental immunity from Meroney’s suit because his suit is for defamation, an intentional tort, for which immunity is not waived under the TTCA.

Governmental immunity from suit defeats a trial court’s subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction.  
See Tex. Dep’t of Parks & Wildlife v. Miranda
, 133 S.W.3d 217, 225-26 (Tex. 2004).  The trial court must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before allowing the litigation to proceed.  
Id.
 at 226.

We review the trial court’s ruling on a plea to the jurisdiction based on immunity from suit under a de novo standard of review.  
Id.
 at 225-26, 228; 
Tex. Natural Res. Conserv. Comm'n v. IT-Davy
, 74 S.W.3d 849, 855 (Tex. 2002).  Whether undisputed evidence of jurisdictional facts establishes a trial court’s jurisdiction is a question of law.  
Miranda
, 133 S.W.3d at 226.  Here, the nature of Meroney’s claims is undisputed; rather, it is the legal effect of those claims that is disputed.  Thus, we determine as a matter of law whether the undisputed facts establish jurisdiction.

When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court’s jurisdiction to hear the cause.  
Id.
; 
Tex. Ass'n of Bus. v. Tex. Air Control Bd.
, 852 S.W.2d 440, 446 (Tex. 2000).  We construe the pleadings liberally in favor of the plaintiff and look to the pleader’s intent.  
Miranda
, 133 S.W.3d at 226; 
Tex. Ass'n of Bus.
, 852 S.W.2d at 446.

A city is generally protected by governmental immunity.  
City of Houston v. Williams
, 183 S.W.3d 409, 413 (Tex. App.—Houston [14th Dist.] 2005, pet. filed).  Governmental immunity protects governmental entities from lawsuits for damages absent legislative consent.  
See Fed. Sign v. Tex. S. Univ.
, 951 S.W.2d 401, 405 (Tex. 1997).  The doctrine of governmental immunity encompasses two distinct concepts:  (1) immunity from suit (barring a lawsuit unless the legislature expressly gives its consent to suit); and (2) immunity from liability (even if the legislature has expressly given its consent to the suit).  
See id.
  “Immunity from liability is an affirmative defense, while immunity from suit deprives a court of subject matter jurisdiction.”  
Miranda
, 133 S.W.3d at 224. 

The TTCA provides a limited waiver of immunity from suit and liability for certain claims.  
Tex. Civ. Prac. & Rem. Code
 
Ann.
 § 101.021; 
Tex. A & M Univ. v. Bishop
, 156 S.W.3d 580, 583 (Tex. 2005); 
Prairie View A & M Univ. v. Brooks
, 180 S.W.3d 694, 703 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  But the TTCA does not waive that immunity for intentional torts.  
Tex. Civ. Prac. & Rem. Code
 
Ann.
 § 101.057(2); 
Tex. Dep’t of Pub. Safety v. Petta
, 44 S.W.3d 575, 580 (Tex. 2001).  Defamation is an intentional tort.  
Univ. of Tex. Med. Branch at Galveston v. Hohman
, 6 S.W.3d 767, 777 (Tex. App.—Houston [1st Dist.] 1999, pet. dism’d w.o.j.) (op. on reh’g).  Thus, the City’s governmental immunity from suit and liability is not waived under the TTCA.

Regardless, Meroney contends that the City’s immunity is waived because his claim for injunctive relief does not attempt to subject the City to liability.  However, governmental immunity protects governmental 
entities
 from both suits for money damages and suits seeking to control those 
entities
’ lawful actions.  
Fort Bend County v. Martin-Simon
, 177 S.W.3d 479, 484 (Tex. App.—Houston [1st Dist.] 2005, no pet.).  A governmental 
entity’s
 immunity is not waived in a suit seeking to enjoin alleged actions of a 
state official
 that are not within that official’s legal authority; such suits are not suits against the State for immunity purposes.  
Tex. Workers’ Comp. Comm’n v. Horton
, 187 S.W.3d 282, 285 (Tex. App.—Beaumont 2006, no pet.); 
Rylander v. Caldwell
, 23 S.W.3d 132, 135 (Tex. App.—Austin 2000, no pet.); 
Bagg v. Univ. of Tex. Med. Branch at Galveston
, 726 S.W.2d 582, 585 (Tex. App.—Houston [14th Dist.] 1987, writ ref’d n.r.e.); 
see Dep’t of Agric. & Env’t v. Printing Indus. Ass’n
, 600 S.W.2d 264, 265-66 (Tex. 1980);
 Griffin v. Hawn
, 161 Tex. 422, 341 S.W.2d 151, 153 (1960); 
Cobb v. Harrington
, 144 Tex. 360, 190 S.W.2d 709, 712 (1945)
.
(footnote: 4)  However, in such cases, the governmental entity is not a proper party to such a suit for injunctive relief; only the official alleged to have committed the unauthorized act or acts—in his or her individual capacity as opposed to official capacity—may be sued.  
E.g., Denson v. Tex. Dep’t of Crim. Justice-Inst. Div.
, 63 S.W.3d 454, 460 (Tex. App.—Tyler 1999, pet. denied); 
Camacho v. Samaniego
, 954 S.W.2d 811, 820 (Tex. App.—El Paso 1997, pet. denied); 
Bagg
, 726 S.W.2d at 584-85.
(footnote: 5)  This is so because a state official acting outside of his or her authority is not acting on behalf of the State.  
Camacho
, 954 S.W.2d at 820; 
Bagg
, 726 S.W.2d at 585; 
see also
 
IT-Davy
, 74 S.W.3d at 855 (holding same as to suits seeking declaratory relief).  Thus, even if Meroney’s suit is more properly characterized as a suit seeking to enjoin allegedly unauthorized actions of a City official, the City would not be a proper party to that suit; rather, Assistant Chief Jones would be the proper party.  But Meroney did not seek injunctive relief against Assistant Chief Jones.  We hold that the trial court did not err by granting the City’s plea to the jurisdiction.  We overrule Meroney’s third issue.

Election of Remedies

In his first and second issues, Meroney claims that the trial court erred by granting the City’s motion to dismiss his claims against Assistant Chief Jones.  The City and Assistant Chief Jones argue that the trial court properly granted the motion to dismiss Assistant Chief Jones because by suing the City first under the TTCA, Meroney irrevocably elected to sue the City instead of the Assistant Chief.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 101.106(a), (e) (providing that the filing of a suit under the TTCA against a governmental entity constitutes an irrevocable election by the plaintiff, which bars any suit or recovery by the plaintiff against any individual employee of the governmental entity regarding the same subject matter and requiring trial court to dismiss employee if suit filed against both governmental entity and employee).  Meroney contends that his claim against the City was not brought under the TTCA because his claims are for injunctive relief rather than damages for property damage, personal injury, or death, 
see id
. § 101.021; thus, he did not elect to sue the City under the TTCA in lieu of bringing a claim for damages against Assistant Chief Jones.

The current version of section 101.021 of the TTCA, which controls in this case,
(footnote: 6) waives immunity for

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment;  and

(B) the employee would be personally liable to the claimant according to Texas law;  and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Id
. § 101.021.  Section 101.106(a) provides that

[t]he filing of a suit under this chapter [the TTCA] against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars 
any suit or recovery
 by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

Id
. § 101.106(a) (emphasis added).  Under section 101.106(e), “If a suit is filed 
under this chapter
 [the TTCA] against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.”  
Id
. § 101.106(e) (emphasis added).

The Legislature recently amended section 101.106 in 2003
(footnote: 7) apparently to force a plaintiff to choose whether he would seek to impose tort liability on a governmental unit or on governmental employees acting as individuals outside their official capacities.  
See Waxahachie ISD v. Johnson
, 181 S.W.3d 781, 785 (Tex. App.—Waco 2005, pet. filed); 
Villasan v. O’Rourke
, 166 S.W.3d 752, 758, 759-60 (Tex. App.—Beaumont 2005, pet. filed).  The choice of one immediately and irrevocably bars the plaintiff’s claims against the other.  
Tex. Civ. Prac. & Rem. Code Ann. 
§ 101.106(a)-(d).  A plaintiff unwise in his choice potentially faces an irrevocable bar against both the governmental entity and its employees.  
Id
.; 
Waxahachie ISD
, 181 S.W.3d at 785.

The effect of the statute is that a plaintiff is no longer able to include every potential tortfeasor in a suit, argue alternative theories of recovery based on the same conduct, and allow a fact finder to decide which party was the wrongdoer.  
See Waxahachie ISD,
 181 S.W.3d at 785;
 Villasan
, 166 S.W.3d at 758.  At the election of the government or its employee, the respective defendant may force the plaintiff to proceed in TTCA suits against the governmental entity alone in three possible circumstances:  (1) when the suit is initially filed against the governmental agency alone; (2) when the suit is initially filed against both the governmental agency and its employees; and (3) when the suit is initially filed against the employee when the employee’s conduct is alleged to have been within his scope of employment, i.e., when the employee is alleged to have acted solely in his or her official capacity.  
See
 
Tex. Civ. Prac. & Rem. Code Ann
. § 101.106; 
Waxahachie ISD
, 181 S.W.3d at 785; 
Villasan
, 166 S.W.3d at 758.

A suit against a governmental employee in his or her individual capacity seeks to impose personal liability on the employee for actions taken under color of state law, 
Hidalgo County v. Gonzalez
, 128 S.W.3d 788, 793 (Tex. App.—Corpus Christi 2004, no pet.), whereas a suit against that employee in his or her official capacity seeks to impose liability on the governmental entity itself, 
id
.
;
 De Miño v. Sheridan
, 176 S.W.3d 359, 365-66 (Tex. App.—Houston [1st Dist.] 2004, no pet.).  Thus, a governmental employee sued in his or her official capacity is entitled to sovereign immunity from suit to the same extent the entity is entitled to such immunity.  
De Miño
, 176 S.W.3d at 366; 
Gonzalez
, 128 S.W.3d at 793.  
Accordingly, to the extent Meroney’s claims are against Assistant Chief Jones in his official capacity, they are barred because the City’s immunity from suit and liability for intentional torts is not waived; therefore, we overrule Meroney’s first and second issues as to Meroney’s claims against Assistant Chief Jones in his official capacity.
  
See
 
Tex. Civ. Prac. & Rem. Code Ann
. § 101.057.

To the extent Meroney’s petition raises claims against Assistant Chief Jones in his individual capacity, Meroney contends that his claim for injunctive relief against the City is not a claim for property damage, personal injury, or death; thus, it is not a suit under the TTCA to which section 101.106 would apply.  But an injunction is an equitable remedy, not a cause of action.  
Brittingham v. Ayala
, 995 S.W.2d 199, 201 (Tex. App.—San Antonio 1999, pet. denied).  To obtain an injunction, a party must prove a probable right to recovery through a claim or cause of action.  
Id
.  Thus, although Meroney requested the equitable remedy of injunctive relief, his claim against the City is nevertheless properly characterized as a defamation claim.  Defamation is an intentional tort; therefore, it is excluded from the TTCA’s waiver of immunity from suit and liability.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 101.057; 
Hohman
, 6 S.W.3d at 777.

Meroney also contends that because his claim against the City is excluded from the TTCA’s waiver, his claim against the City is not one “under” the TTCA; therefore, section 101.106 does not compel the dismissal of Assistant Chief Jones from the suit.  We agree.

Section 101.106(e) compels dismissal of a governmental employee if a plaintiff first sues the governmental entity “
under this chapter
.”  
Tex. Civ. Prac. & Rem. Code Ann
. § 101.106(e) (emphasis added).  But section 101.057 explicitly provides that

[t]his chapter does not apply
 to a claim:

. . . .

(2) arising out of assault, battery, false imprisonment, or any other intentional tort, including a tort involving disciplinary action by school authorities.

Id
. § 101.057 (emphasis added).  Thus, we conclude and hold that a suit alleging intentional tort claims against a governmental entity that does not attempt to characterize those claims as coming within the scope of section 101.021 is not a suit brought under the TTCA and does not preclude a suit against an employee of the entity in his or her individual capacity for causes of action regarding the same subject matter.  
Mission Consol. ISD v. Garcia
, 166 S.W.3d 902, 903, 905 (Tex. App.—Corpus Christi 2005, pet. filed); 
Adkins v. Furey
, 2 S.W.3d 346, 350 (Tex. App.—San Antonio 1999, no pet.); 
Reck v. Londow
, 926 S.W.2d 589, 593 (Tex. App.—Beaumont 1995), 
rev’d on other grounds
, 923 S.W.2d 596 (Tex. 1996).

Our interpretation of section 101.106(a) and (e) is supported by the language in subsection (f).  In construing a statute, we must determine and give effect to the legislature’s intent, considering the statute as a whole and not its provisions in isolation.  
Continental Cas. Co. v. Downs
, 81 S.W.3d 803, 805 (Tex. 2002); 
Welch v. McLean
, No. 02-02-00237-CV, 2005 WL 1293068, at *13 (Tex. App.—Fort Worth June 2 2005, no pet.) (op. on reh’g).  Section 101.106(f) provides as follows:

If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought 
under this chapter
 against the governmental unit, the suit is considered to be against the employee in the employee’s official capacity only.  On the employee’s motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Tex. Civ. Prac. & Rem. Code Ann
. § 101.106(f) (emphasis added).  Thus, under subsection (f), a suit against a governmental employee acting within the general scope of employment is considered to be a suit against the governmental entity only if such a suit could be brought under the TTCA.  Because an intentional tort suit is barred under the TTCA, 
id
. § 101.057, it is not a suit that could be brought  under the TTCA.  Thus, subsection (f) supports our conclusion.

The supreme court reached a different result under the former version of section 101.106.  
See Newman v. Obersteller
, 960 S.W.2d 621, 622 (Tex. 1997); 
see also, e.g., Schauer v. Morgan
, 175 S.W.3d 397, 401-02 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (following 
Newman
); 
Watson v. Dallas ISD
, 135 S.W.3d 208, 231 (Tex. App.—Waco 2004, no pet.) (holding, without relying on 
Newman
, that judgment in favor of school district on intentional tort claims precluded suit against individual employees), 
disapproved of on other grounds by Univ. of Tex. Med. Branch at Galveston v. Barrett
, 159 S.W.3d 631 (Tex. 2005).

In 
Newman
, the plaintiff sued a school district and a coach employed by the school district for intentional infliction of emotional distress and conspiracy to intentionally inflict emotional distress.  
Newman
, 960 S.W.2d at 622.  The school district and coach both obtained summary judgment in their favor on immunity grounds, but the trial court later vacated the summary judgment for the coach and severed the two cases.  
Id
.  The summary judgment for the school district became final, and the coach filed an interlocutory appeal under section 51.014 of the civil practice and remedies code.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 51.014 (Vernon Supp. 2005); 
Newman
, 960 S.W.2d at 622.

The supreme court held that former section 101.106 was an unequivocal grant of immunity from suit to an individual employee when a suit against a governmental entity involving the same subject matter has proceeded to judgment.  
Newman
, 960 S.W.2d at 622.  The court did not address the issue of statutory construction brought by Meroney here:  whether a suit against a governmental entity alleging only an intentional tort, without attempting to characterize the claim as one for which immunity is waived under section 101.021, is a suit “under this chapter,” i.e., under the TTCA.

The San Antonio Court of Appeals has recently addressed this issue with respect to the former version of the statute and, relying on 
Newman
, has reached a different conclusion than we reach here.  
See Liu v. City of San Antonio
, 88 S.W.3d 737, 744 (Tex. App.—San Antonio 2002, pet. denied).  In 
Liu
, Liu sued her employer, the City of San Antonio, and two supervisors under the Texas Whistleblower Act and for intentional torts.  88 S.W.3d at 739, 743.  The trial court granted San Antonio’s plea to the jurisdiction and the supervisors’ motions for summary judgment.  
Id
. at 741, 743.  On appeal, Liu raised the same argument raised by Meroney here:  that her intentional tort claims against the supervisors were not barred because she had brought the same claims against the city.  
Id
. at 744.

The court of appeals relied on 
Newman
 in holding that, although logic appears to dictate the result we reach here—that the claims against Meroney in his individual capacity are not barred because section 101.106(e) applies only to a claim “under this chapter” and section 101.057 expressly excludes claims for intentional torts from the applicability of “this chapter”—the supreme court in 
Newman
 “allowed section 101.106 to defeat an intentional tort claim, emphasizing that section 101.106 ‘bars any action’”; thus, the court held that it was bound by the holding in 
Newman
.  
Id. 
 The court of appeals therefore held that Liu’s intentional tort claims against the supervisors were barred.  
Id
.

Neither the supreme court in 
Newman
 nor the San Antonio court in 
Liu
 described the plaintiffs’ pleadings in those cases.  Here, Meroney’s pleadings do not mention the TTCA, nor do they purport to characterize his intentional tort claims as negligence claims in an attempt to fit them within the TTCA’s waiver of immunity.  
See 
Tex. Civ. Prac. & Rem. Code Ann
. § 101.021; 
Petta
, 44 S.W.3d at 580;
 
Pineda v. City of Houston
, 175 S.W.3d 276, 280 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (same); 
see also Holland v. City of Houston
, 41 F. Supp. 2d 678, 713 (S.D. Tex. 1999) (relying on Texas law).  Nor do they address whether those claims were brought against the governmental employees in their official or individual capacities.  For these reasons and because the holdings in 
Newman
 and the cases following it are based on the former version of the statute, which did not include subsection (f), we do not believe those cases are controlling.  Accordingly, we hold that to the extent Meroney’s claims are against Assistant Chief Jones in his individual capacity, they are not barred by section 101.106 and should not have been dismissed.  We sustain Meroney’s first and second issues as to his claims against Assistant Chief Jones in his individual capacity.

Conclusion

Having overruled Meroney’s third issue, we affirm the trial court’s take-nothing judgment in favor of the City.  Having overruled Meroney’s first and second issues to the extent Meroney’s claims are against Assistant Chief Jones in his official capacity, we affirm the trial court’s order dismissing Assistant Chief Jones as to those claims.  But having sustained Meroney’s first and second issues to the extent that his claims against Assistant Chief Jones are in Assistant Chief Jones’s individual capacity, we reverse the trial court’s order dismissing those claims against Assistant Chief Jones and remand to the trial court for further proceedings consistent with this opinion.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED: May 25, 2006

FOOTNOTES
1:
Although Meroney alleged that the City led him to believe that if he resigned, it would not release any adverse information about him to prospective employers, he did not allege that he entered into any specific agreement with the City.

2:
Meroney did not ask for injunctive relief against Assistant Chief Jones.

3:
We address Meroney’s third issue first because it is potentially dispositive of his other issues.

4:
Additionally, suits to enforce constitutional rights do not require a legislative waiver of immunity.  
Horton
, 187 S.W.3d at 286; 
Tex. State Employees Union/CWA Local 6184 AFLCIO v. Tex. Workforce Comm’n
, 16 S.W.3d 61, 69 (Tex. App.—Austin 2000, no pet.), 
disapproved of on other grounds by Miranda
, 133 S.W.3d at 224 n.4.  However, the Texas constitution protects the right to speak, even to speak defamatory words, although damages are recoverable for such speech.  
Tex. Mut. Ins. Co. v. Surety Bank, N.A.
, 156 S.W.3d 125, 128-29 (Tex. App.—Fort Worth 2005, no pet.).  Thus, we cannot construe Meroney’s petition as alleging a constitutional violation.  In addition, Meroney has not alleged that the City acted outside of the scope of its authority as granted by the legislature.  
See Horton
, 187 S.W.3d at 285 (“[A] suit for injunctive relief against a state agency is maintainable only if the pleadings . . . show that the agency’s activity is unlawful because it lacks statutory authorization.”); 
Pub. Util. Comm’n of Tex. v. Allcomm Long Distance, Inc.
, 902 S.W.2d 662, 666 (Tex. App.—Austin 1995, writ denied).

5:
See also Morris v. Collins
, 916 S.W.2d 527, 531 n.4 (Tex. App.—Houston [1st Dist.] 1995, no pet.) (“There is no exception to the doctrine of governmental immunity from suit in cases involving requests for injunctive relief against the State or a state official in his or her official capacity.”).

6:
See
 Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 23.02(d), 2003 Tex. Gen. Laws 847, 899.

7:
The former version of section 101.106 provided as follows:  “[a] judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim.”  Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3305.