Opinion issued May 29, 2008











     






In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00137-CV




BARBARA BROWN, DAN FONTAINE, DR. JAMES ABBRUZESE, AND
THE UNIVERSITY OF TEXAS M.D. ANDERSON CANCER CENTER,
Appellants

V.

KE-PING XIE, M.D., Ph.D, Appellee




On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 2004-40551






O P I N I O N
          In this interlocutory appeal, appellants, Barbara Brown, Dan Fontaine, James
Abbruzese (collectively, “the employees”), and the University of Texas M.D.
Anderson Cancer Center (“the hospital”), appeal the trial court’s order, denying their
motions to dismiss the claims filed by appellee, Ke-Ping Xie, against the employees. 
The dismissal was requested under section 101.106 of the Texas Tort Claims Act
(“the Act”). Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001–.109 (Vernon 2005 &
Supp. 2007). In their sole issue on appeal, the employees and the hospital assert that
(1) Xie’s original petition asserted a claim for defamation against the hospital and (2)
Xie’s suit was a suit “under” the Act, which was an irrevocable election by Xie that
required the dismissal of the claims against the employees. We conclude that the trial
court erred by denying the motion to dismiss the claims against the employees. We
reverse the trial court’s order and dismiss the employees.
Procedural Background
          In his original petition, Xie sued the employees “in their individual capacities”
for defamation and he requested injunctive relief against both the employees and the
hospital. Xie sought an injunction to prohibit the employees from “publishing or
causing to be published defamatory communications about [Xie] to persons without
business necessity, professional interest or duty . . . .” Xie also sought an injunction
against the hospital “so that the individual [employees] may not improperly cloak
themselves in the security blanket of sovereign immunity to avoid the legal
consequences of their individual tortious acts.” Xie alleged that injunctive relief was
appropriate against the hospital because the hospital was immune from a suit for
defamation and, therefore, “[t]here is no legal avenue by which [the hospital] could
ever be held financially accountable for the defamation, disparagement and other
wrongful conduct at issue in this petition.”
          The hospital and the employees answered Xie’s suit. The hospital filed an
answer asserting a general denial, affirmative defense, and a plea to the jurisdiction
based on sovereign immunity from suit and from liability. Within its answer, the
hospital also moved for dismissal of the claims against the employees under section
101.106(e) of the Act. See Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e)
(Vernon 2005). The employees’ joint answer contained a general denial, affirmative
defenses, and a motion to dismiss the claims against them pursuant to section
101.106(e) of the Act. See id.
          Xie then filed an amended original petition. Xie asserted claims for
employment discrimination against the hospital only. Xie also asserted claims for
intentional infliction of emotional distress and defamation against the individual
employees. Xie dropped his claim for injunctive relief. 
          After holding hearings on the propriety of dismissal under section 101.106, the
parties submitted additional briefs to the court. In their supplemental brief, the
employees clarified for the court that they were seeking relief under section
101.106(e), not sub-section (f). The trial court signed a written order that states,
The Court considered the joint motion to dismiss of [the employees] and
[Xie’s] response thereto. The Court hereby denies the motion to
dismiss. The Court hereby stays all proceedings based on the oral
representations of . . . [the employees’] intent to appeal this order
pursuant to Chapter 51, Civil Practice & Remedies Code.

The record before us does not include a ruling concerning the hospital’s motion to
dismiss the claims of the employees.
Section 101.106 of the Texas Tort Claims Act
           Section 101.106, entitled “Election of Remedies,” provides:
(a)The filing of a suit under this chapter against a governmental unit
constitutes an irrevocable election by the plaintiff and
immediately and forever bars any suit or recovery by the plaintiff
against any individual employee of the governmental unit
regarding the same subject matter.
 
(b)The filing of a suit against any employee of a governmental unit
constitutes an irrevocable election by the plaintiff and
immediately and forever bars any suit or recovery by the plaintiff
against the governmental unit regarding the same subject matter
unless the governmental unit consents.
 
(c)The settlement of a claim arising under this chapter shall
immediately and forever bar the claimant from any suit against or
recovery from any employee of the same governmental unit
regarding the same subject matter.
 
(d)A judgment against an employee of a governmental unit shall
immediately and forever bar the party obtaining the judgment
from any suit against or recovery from the governmental unit.
 
(e)If a suit is filed under this chapter against both a governmental
unit and any of its employees, the employees shall immediately be
dismissed on the filing of a motion by the governmental unit.
 
(f)If a suit is filed against an employee of a governmental unit based
on conduct within the general scope of that employee's
employment and if it could have been brought under this chapter
against the governmental unit, the suit is considered to be against
the employee in the employee's official capacity only. On the
employee’s motion, the suit against the employee shall be
dismissed unless the plaintiff files amended pleadings dismissing
the employee and naming the governmental unit as defendant on
or before the 30th day after the date the motion is filed.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106 (Vernon 2005). “The purpose of
section 101.106 is to force a plaintiff to choose whether he will seek to impose tort
liability on a governmental unit or on government employees, individually.” 
Williams v. Nealon, 199 S.W.3d 462, 465 (Tex. App.—Houston [1st Dist.] 2006, pet.
filed) (citing Waxahachie Indep. Sch. Dist. v. Johnson, 181 S.W.3d 781, 785 (Tex.
App.—Waco 2005, pet. denied)).
Motion to Dismiss Claims Against Individual Employees
          The hospital and the employees contend that Xie’s original petition was a
lawsuit that asserted claims brought “under” the Act against both the hospital and the
employees and that the trial court had a mandatory duty to dismiss the suit against the
employees. See Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e) (“the employees
shall immediately be dismissed”)(emphasis added). Xie responds that (A) the only
petition that should be considered is the amended petition, which is the live pleading;
(B) section 101.106(e) does not apply because the request for an injunction is not a
lawsuit against the hospital; and (C) his suit is not filed “under” the Act because the
Act does not waive governmental immunity for defamation.A.Original Petition Determines Entitlement to Dismissal under Tort
Claims Act

          The parties dispute whether we should look to the original petition or to the
amended petition to determine whether the employees are entitled to dismissal under
the Act. Xie filed an original petition that asserted a cause of action against the
employees for defamation and sought injunctive relief against the employees and the
hospital. Based on the original petition, the employees and the hospital moved to
dismiss the employees under section 101.106(e). After the employees and the
hospital filed their motions, Xie filed his amended petition, which dropped the claims
for injunctive relief, asserted a claim for employment discrimination against the
hospital, and asserted claims for intentional infliction of emotional distress and
defamation against the employees. We conclude that Xie’s original petition, not his
amended petition, is the proper one to scrutinize to determine whether dismissal
under section 101.106(e) is appropriate. Villasan v. O’Rourke, 166 S.W.3d 752, 762
(Tex. App.—Beaumont 2005, pet. denied) (concluding that if dismissal of
government employee is appropriate based on original petition, filing of amended
petition does not avoid mandatory language of section 101.106(e)).
B.      Request for Injunctive Relief is Lawsuit Under Tort Claims Act
          Having determined that Xie asserted a request for injunctive relief in his
original brief, we turn to the parties’ dispute as to whether a lawsuit requesting
injunctive relief is a lawsuit against the hospital. “[A]n injunction is an equitable
remedy, not a cause of action.” Meroney v. City of Colleyville, 200 S.W.3d 707, 713
(Tex. App.—Fort Worth 2006, pet. granted, judgm’t vacated w.r.m.) (citing
Brittingham v. Ayala, 995 S.W.2d 199, 201 (Tex. App.—San Antonio 1999, pet.
denied)). However, a party can obtain an injunction only by showing a probable right
to recovery “through a claim or cause of action.” Id.; see also Clarendon Nat’l Ins.
Co. v. Thompson, 199 S.W.3d 482, 494 (Tex. App.—Houston [1st Dist.] 2006, no
pet.) (stating that party cannot obtain temporary injunction unless it proves, inter alia,
“(1) a cause of action [and] (2) a probable right to recover on that cause of action”). 
Thus, a suit requesting an injunction against a governmental entity is properly
characterized as a claim against the government. See Meroney, 200 S.W.3d at 711.



          Here, Xie’s original petition named the hospital as a defendant. He sought
injunctive relief against the hospital. The sole cause of action asserted by Xie was 
for defamation against the employees. We conclude that Xie’s lawsuit for injunctive
relief against the hospital is properly characterized as a defamation claim against the
hospital. See Meroney, 200 S.W.3d at 713 (holding that suit naming governmental
entity as defendant and seeking injunctive relief against governmental entity, but only
asserting single defamation cause of action against government employee, “is
nevertheless properly characterized as a defamation claim [against the governmental
entity]”).
C.      Lawsuit for Defamation is “Under” Tort Claims Act
          Having determined that the claim for injunctive relief against the hospital is
properly characterized as a lawsuit against the hospital for defamation, we next turn
to the parties’ dispute whether the lawsuit for defamation is a lawsuit “under” the Act
for purposes of section 101.106. The hospital and employees contend that any tort
lawsuit filed against the government is “under” the Act because the only possible
relief for the government’s tortious acts lies in the Act’s limited waiver of immunity. 
Xie responds that his lawsuit is not “under” the Act because defamation is not a tort
for which the Act waives immunity. See Tex. Civ. Prac. & Rem. Code Ann.
§ 101.057 (Vernon 2005) (stating that Act does not waive immunity for intentional
torts). 
          The Supreme Court of Texas recently addressed this issue. See Mission
Consol. Indep. Sch. Dist. v. Garcia, No. 05-0734, 51 Tex. Sup. Ct. J. 621, 2008 WL
821037, at*4 (Tex. Mar. 28, 2008). In Garcia, the court of appeals affirmed a trial
court’s denial of the School District’s jurisdictional pleas under section 101.106. Id. 
The court of appeals determined that Garcia’s claims were not “under this chapter”
because the claims did not fit within the Act’s waiver of immunity. Id. In rejecting
this argument, the Texas Supreme Court concluded,
Because the Tort Claims Act is the only, albeit limited, avenue for
common-law recovery against the government, all tort theories alleged
against a governmental unit, whether it is sued alone or together with its
employees, are assumed to be “under [the Tort Claims Act]” for
purposes of section 101.106.
Id. (citing Newman v. Obersteller, 960 S.W.2d 621, 622–23 (Tex. 1997)). Because
“all tort theories” are “under this chapter” for purposes of section 101.106, we
conclude that section 101.106 does apply to Xie’s claims for intentional torts.
          Section 101.106(e) provides, “If a suit is filed under this chapter against both
a governmental unit and any of its employees, the employees shall immediately be
dismissed on the filing of a motion by the governmental unit.” Tex. Civ. Prac. &
Rem. Code Ann. § 101.106(e). Here, both the hospital and the employees sought
dismissal under section 101.106(e). Although it did not rule on the hospital’s motion,
the trial court denied the employees’ motion. We hold that the trial court erred by
denying the employees’ motion to dismiss the claims against them. See id.; see also
Garcia, 2008 WL 821037 at *5 (“Under subsection (e), [the employee] would be
entitled to dismissal of Garcia’s suit against him upon the ISD’s filing of a motion.”). 
Accordingly, we conclude that the trial court erred by failing to dismiss the individual
employees.
          We sustain the employees’ sole issue.

Conclusion
          We reverse the order of the trial court and dismiss the employees.
 
                                                             Elsa Alcala
                                                             Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.